# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **KINGS**

**ANIL J. BRAHMBHATT and**
**USHA A. BRAHMBHATT**

            Plaintiff(s),

      -*against*-
**OCWEN LOAN SERVICING, INC.,**
**DEUTSCHE BANK NATIONAL TRUST**
**CORPORATION AS TRUSTEE FOR**
**HARBORVIEW MORTGAGE LOAN**
**TRUST 2007-2 , et al.**     Defendant(s).

Index No. **896/2017**

**Summons**

Date Index No. Purchased: **3/01/2017**

To the above named Defendant(s)
*Deutsche Bank National Trust Corporation, c/o CT Corporation System, 111 Eighth Avenue, NY, NY*
*Ocwen Loan Servicing, Inc., 2711 Centerville Rd., Wilmington, DE 19808-1660*
*Mortgage Eectronic Registration Services, Inc., 1818 Liberty Street, Suite 300, Reston, VA 20190*

      You are hereby summoned to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance, on the Plaintiff's attorney within 20 days after the service of
this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint.

      The basis of venue is proper since the actions complained of occured within this Court's jurisdiction
which is the formation and subsequent securitization of the the Trust, per New York law, at 55 Water St., NY, NY

Dated: February 3, 2017

by _~~Anil J. Brahmbhatt~~_
    Anil J. Brahmbhatt
    802 Red Lion Road
    Philadelphia, PA 19115

by _U. A. Brahmbhatt._
    Usha A. Brahmbhatt
    802 Red Lion Road
    Philadelphia, PA 19115

# COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **KINGS**

**ANIL J. BRAHMBHATT** and
**USHA A. BRAHMBHATT**

Index No. 896/17

Plaintiff(s),

-against-
**OCWEN LOAN SERVICING, INC.,**
**DEUTSCHE BANK NATIONAL TRUST**
**CORPORATION AS TRUSTEE FOR**
**HARBORVIEW MORTGAGE LOAN**
**TRUST 2007-2**, et al. Defendant(s).

Summons

Date Index No. Purchased:

To the above named Defendant(s)
*Deutsche Bank National Trust Corporation, c/o CT Corporation System, 111 Eighth Avenue, NY, NY.*
*Ocwen Loan Servicing, Inc., 2711 Centerville Rd., Wilmington, DE 19808-1660*
*Mortgage Eectronic Registration Services, Inc., 1818 Liberty Street, Suite 300, Reston, VA 20190*

You are hereby summoned to answer the complaint in this action and to serve
if the complaint is not served with this summons, to serve
the Plaintiff's attorney within 20 days after the service of
f the day of service (or within 30 days after the service is
is not personally delivered to you within the State of New
ailure to appear or answer, judgment will be taken against
f demanded in the complaint.

```
Kings County Clerk's Office
Paym 3393493 03/01/2017 1:48p
Cashier Id 96 Register # 3


Tr.4006664            $210.00
Tort
896/2017 BRAHMBHATT, ANIL J.   ET ANO vs. O
CWEN LOAN SERVICING, INC.   ET ANO

Total:               $210.00

Cash                 $210.00
```

is proper since the actions complained of occured within this Court's jurisdiction
isequent securitization of the the Trust, per New York law, at 55 Water St., NY, NY

by _Anil J. Brahmbhatt_
Anil J. Brahmbhatt
802 Red Lion Road
Philadelphia, PA 19115

by _U. A. Brahmbhatt_
Usha A. Brahmbhatt
802 Red Lion Road
Philadelphia, PA 19115

2017 MAR -1 PM 1:45
KINGS COUNTY CLERK
RECEIVED

IN THE SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

ANIL J. BRAHMBHATT,

USHA A. BRAHMBHATT,

    **Plaintiff**

**OCWEN LOAN SERVICING, INC.**
**DEUTSCHE BANK NATIONAL TRUST**
**COMPANY AS TRUSTEE FOR**
**HARBORVIEW MORTGAGE LOAN**
**TRUST 2007-2 , et al.**

    **Defendants**

**Case No.: 896/2017**

**PLAINTIFF'S COMPLAINT FOR:**
**LACK OF STANDING TO FORECLOSE,**
**FRAUD IN THE CONCEALMENT,**
**FRAUD IN THE INDUCEMENT,**
**UNCONSCIONABLE CONTRACTS,**
**BREACH OF CONTRACT, BREACH OF**
**FIDUCIARY DUTY, QUIET TITLE**
**SLANDER OF TITLE,**

**PLAINTIFF'S COMPLAINT FOR: LACK OF STANDING TO FORECLOSE, FRAUD IN THE CONCEALMENT, FRAUD IN THE INDUCEMENT, UNCONSCIONABLE CONTRACTS, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, QUIET TITLE SLANDER OF TITLE.**

COMES NOW the Plaintiff, Anil J. Brahmbhatt, Usha A. Brahmbhatt ("Plaintiff"), complaining of the Defendants as named above, and each of them, as follows:

## JURISDICTION

1. Venue is proper in Kings County, as the actions complained of occurred in New York and Kings County has concurrent jurisdiction. This Court has jurisdiction over this matter pursuant to the State Constitution and statute.

## THE PARTIES

2. Plaintiff is now, and at all times relevant to this action, a resident of the County of Philadelphia, State of Pennsylvania.

3. At all times relevant to this action, Plaintiff owned and has superior claim to the Real Property (the "Home") located at 604 Avon St., Philadelphia, PA. 19116

4. Defendant, Deutsche Bank National Trust Company is a National Banking Association, a Non Depository Payor Bank doing business in the County of Kings, State of New York. Plaintiff is further informed and believes, and thereon alleges, that Deutsche Bank National Trust Company is the account debtor of the instant matter in a capacity of accommodated party in interest to a 26 U.S. Code § 1031 Exchange of property held for productive use or

investment warehouse line of credit, here after more particularly described in this Complaint.

5. Greenwich Capital Corporation, Inc. (non-party) is a corporation, doing business in the County of Kings, State of New York. Defendant is the "Sponsor/Seller" for bankruptcy remote Special Purpose Vehicle HMLT-2007-2. Plaintiff is further informed and believes, and thereon alleges that, Defendant HMLT-2007-2 was acting in the capacity of a qualified intermediary for credit swap conveyances associated to the 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

6. Greenwich Capital Acceptance, Inc. (non-party) is a corporation doing business in the County of Kings, State of New York. Defendant is the purported "Depositor" for bankruptcy remote Special Purpose Vehicle HMLT-2007-2. Plaintiff is further informed and believes, and thereon alleges that Defendant Greenwich Capital Acceptance, Inc. was acting in the capacity of a qualified intermediary for credit swap conveyances associated to the 26 U.S. Code § 1031 – Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

7. Defendant, The Deutsche Bank National Trust Company, acting in the capacity of Trustee for the bankruptcy remote Special Purpose Vehicle Harborview Mortgage Loan Trust 2007-2 (herein referred to as "HMLT-2007-2" is a National Banking Association, doing business in the County of Kings, State of New York. Plaintiff is informed and believes, and thereon alleges that, Defendant OCWEN HOME LOAN SERVICING, INC.(servicer) acting in the capacity as Junior Secured Party to Deutsche Bank National Trust Company in the special purpose vehicle (SPV) transaction scheme is offering securities to the secondary market for the purpose of obtaining certificate holder's acquired funds by Special Deposit to execute a 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

8. Mortgage Electronic Registration Services, Inc., aka MERS ("MERS"), MERS (non-party) is doing business in the County of Kings, State of New York. Plaintiff is informed and believes, and thereon alleges, MERS was acting in the capacity of electronic agent as a purported Nominee/Beneficiary for Deutsche Bank National Trust Company under the Mortgage/Deed; subsequently acting in a capacity of bailor/bailee for each successor defendant of bankruptcy remote Special Purpose Vehicle HMLT-2007-2 associated to the 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

9. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiff is informed and believe, and therefore allege, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that

such injuries and damages were proximately caused by such Defendants, and each of them.

10. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## GENERAL ALLEGATIONS

11. This is an action brought by Plaintiff for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

12. Plaintiff, homeowner, disputes their superior colorable claim to legal title and equitable title of the Prime Market Real Property in question (hereafter, the "Real Property"), which is the subject of this instant action, in so much that the Plaintiff specifically pledged the Real Property collateral evidenced by the Grant Deed and further clarified under the Deed of Trust as Real Property to The Accommodated Non Depository Payor Bank Deutsche Bank National Trust Company (hereafter, Accommodated Party) as Accommodation Party in the 26 U.S. Code §1031 – Exchange of property held for productive use or investment (hereafter, the "§1031 – Exchange"). Plaintiff is informed and believes, and thereon alleges that, the Defendant HMLT-2007-2 as a Junior Secured Party to Deutsche Bank National Trust Company in the §1031 – Exchange is attempting to make an unlawful claim to legal title through a fraudulent assignment of enforcement rights of the currently un-perfected underlying Deed of Trust and unlawful equitable claim to ownership to Plaintiff Real Property through the Deutsche Bank National Trust Company hypothecated collateral purported after acquired "proceeds" of the Real Property which through the Deed of Trust lien encumbering Plaintiff's Real Property; which, is being unlawfully construed as the Intangible Payment Obligation Transferable Record Chattel Paper (hereafter, the "Payment Intangible"), the underlying intangible collateral to the Tangible Note for Accommodation or Bill of Exchange (hereafter, the "Tangible Note"). (Exhibit A) Grant Deed (Exhibit B) Deed of Trust

13. From 1998 until the financial crash of 2008-2009, over 60 million purported consumer credit mortgage loan transactions were purportedly sold by Non Depository Payor Banks to Special Purpose Vehicles (hereinafter "SPV") via 26 U.S. Code §1031 – Exchange of property held for productive use or investment (hereafter, the "§1031 – Exchange"). The Plaintiff's purported home loan was one of the 60 million scheduled to for exchange. (Exhibit G) PSA for CWALT 2005-J10. https://www.sec.gov/Archives/edgar/data/826219/000014420407016801/v070447 424b5.htm

14. Plaintiff is informed and believes, and thereon alleges that, §1031 – Exchange is the mechanical transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset in order to provide an alternative investment offering via Special Deposit to certificate or bond holders which were expected to be relatively safe which, were offered by Wall Street Firms to the secondary market

through purported mortgage backed securities. (Exhibit C) OCC Asset Securitization Manual 1997, Pg. 23



15. Plaintiff is informed and believes, and thereon alleges that, certain tax laws known as the Real Estate Mortgage Investment Conduit (hereafter, REMIC) Tax Reform Act of 1986 were to be observed, and whereby the Non Depository Payor Banks and Issuing Entities REMIC would be protected from either entity going into bankruptcy. In order to achieve the desired "bankruptcy remoteness," purported numerous "True Sales" of Plaintiff's Tangible Note would have had to of occurred by operation of [all] applicable law.

16. Plaintiff is further informed and believes, and thereon alleges that, there was no "True Sale" of the Plaintiff's Tangible Note, a circumstance whereby Deutsche Bank National Trust Company sold Plaintiff's Tangible Note to the "buyer/seller" HMLT-2007-2 in an ordinary course of business by offer, acceptance, delivery and consideration given for [full] value of the entire instrument. (Exhibit D) Real Estate and the Tax Reform Act of 1986.

17. The Accommodated Non Depository Payor Bank (hereafter, Accommodated Party) Deutsche Bank National Trust Company, purports to have negotiated in accordance to [all] applicable law the Tangible Note obligation in an ordinary course of business to successor defendant HMLT-2007-2; likewise, Plaintiff is informed and believes, and thereon alleges that Deutsche Bank National Trust Company has unlawfully purported to assign, transfer, or convey account debtor capacity as Accommodated Party to HMLT-2007-2 successor and successor defendants in consideration for a service release premium received for Accommodated Party services rendered for Originating the §1031 – Exchange on or before closing date of HMLT-2007-2 Feb. 28, 2005. Plaintiff is informed and believes, and thereon alleges that, Deutsche Bank National Trust Company never negotiated the Tangible Note by operation of law for [full] value in accordance with [all]

applicable law to HMLT-2007-2

18. The Accommodated Party Deutsche Bank National Trust Company, purports to have assigned/transfer a beneficial security interest over Plaintiff's Real Property evidenced by Deutsche Bank National Trust Company recorded Deed of Trust lien **in an ordinary course of business** to successor defendants of the §1031 – Exchange. Plaintiff is informed and believes, and thereon alleges that, Deutsche Bank National Trust Company never negotiated the Tangible Note Bill of Exchange for full value in accordance to all applicable law. Plaintiff is further informed and believes, and thereon alleges Deutsche Bank National Trust Company at best delivered a converted (statutory conversion) an unsecured Tangible Note as "order paper" to HMLT-2007-2 for settlement for Accommodated Party services rendered associated to originating the exchange transaction, **[not] in an ordinary course of business** and therefore, could not negotiate, assign, transfer the underlying security intangible beneficial security interest enforcement right over the power of sale covenant in the Deutsche Bank National Trust Company currently un-perfected Deed of Trust lien encumbering Plaintiff's Real Property.

19. As part of the transaction scheme of 26 U.S. Code §1031 – Exchange, Defendants deployed MERS as an electronic agent under the Constructive Deed of Trust as nominee/beneficiary for each successor Defendant as bailor/bailee in order to streamline a purportedly hypothecated security interest "Secret Liens" over the Payment Intangible after acquired collateral unlawfully construed as "Proceeds" of Plaintiff's Real Property. Plaintiff is informed and believes, and thereon alleges that, MERS only tracks and updates ownership of the Payment Intangible registered with the MERS database software system; MERS cannot transfer the beneficial right to the Tangible Accommodated Note instrument; a legitimate "True Sale" of a Tangible Note instrument can only be transferred **in an ordinary course of business** by proper negotiation for [full] value, transfer and delivery by operation of all applicable law. (Exhibit E) MERS Procedural Manual (Exhibit F) MERS Patent

20. Plaintiff is further informed and believes, and thereon alleges that a payment for **full value of the entire instrument in an ordinary course of business** to Deutsche Bank National Trust Company from HMLT-2007-2 for the Tangible Note for Accommodation at or before it's maturity date destroys the Tangible Notes negotiability thus, no documents or records can be produced that demonstrate that prior to the Feb. 28, 2005 closing date for HMLT-2007-2, the Tangible Note was duly indorsed, transferred and delivered to HMLT-2007-2 **in an ordinary course of business** by operation of all applicable law, including [all] intervening transfers including any purported transfers in the personal property Payment Intangible. Nor can any documents or records be produced that demonstrate that prior to the Feb. 28, 2005, the Deed of Trust was duly assigned, transferred and delivered to HMLT-2007-2, via the Custodian of Records, HMLT-2007-2, including all Secret Liens purportedly securing the Payment Intangible intervening transfers/assignments.

21. Plaintiff further alleges that any documents i.e. MERS Assignment of Deed of Trust that purport to transfer a hypothecated beneficial security interest over the Payment Intangible

underlying collateral of the Tangible Note or Bill of Exchange to HMLT-2007-2 after the Closing Date Feb. 28, 2005 are void as a matter of law; no security interest in the Real Property was perfected in the name of any of the successor defendant to the §1031 - Exchange. The alleged holder of the Tangible Note is not the beneficiary of the Mortgage/Deed of Trust. The alleged beneficiary of Plaintiff's Deed of Trust, MERS, does not have the requisite title, perfected security interest or standing to proceed in a foreclosure; and/or is not the real party in interest as agent or nominee to any action taken or to be taken against the Real Property by successor Defendants to the §1031 - Exchange. (Exhibit G) PSA Section 2.01 Conveyance of Mortgage Loans. Plaintiff is also informed and believes, and thereon alleges that at all times herein mentioned, any assignment of a Deed of Trust **without proper transfer** in an ordinary course of business of the Tangible Note that it secures is a legal nullity by operation of law. Plaintiff is informed and believes, and thereon alleges, that the HMLT-2007-2 had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of SPV investment in mortgage backed securities as described in the Prospectus identified herein below. A detailed description of the purported mortgage loans which form the HMLT-2007-2 is included in Form 424B5 ("the Prospectus"), which has been duly filed with the SEC. (Exhibit H) HMLT-2007-2424B5 Prospectus Supplement https://www.sec.gov/Archives/edgar/data/ 826219/000011442040701668801/v070447 424b5.htm

22. Plaintiff alleges that Defendants, and each of them, cannot establish possession, show proper receipt, transfer, negotiations, assignment and ownership of the Tangible Note for and or Deed of Trust, resulting in imperfect security interests and claims; therefore, none of the Defendants have perfected any colorable claim of title or security interest in the Real Property. Defendants, and each of them, do not have the ability to establish that the Deed of Trust purportedly securing the Tangle Note, were legally or properly acquired in accordance to all applicable law. Plaintiff, therefore, alleges, upon information and belief, that none of the parties to the §1031 - Exchange transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Real Property; and that all Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiff's estate.

Plaintiff alleges that an actual controversy has arisen and now exists between the Plaintiff and Defendants, and each of them. Plaintiff desires a judicial determination and declaration of its rights with regard to the Real Property and the corresponding Tangible Note and Deed of Trust. **The Plaintiff (homeowner) is an indispensable party to the 26 U.S. Code §1031 Exchange. The Plaintiff has standing and any attempts by the Defendants to negate this will fall short.**

23. Plaintiff also seeks redress from Defendants identified herein for damages, for other injunctive relief, and for cancellation of written instruments based upon:
    a. An invalid and unperfected security interest in Plaintiff's Real Property hereinafter

       described;

    b.  Void "True Sales;"

    c.  An incomplete and ineffectual perfection of a security interest in Plaintiff's Real Property

## STATEMENT OF PERTINENT FACTS

24. Plaintiff had a Forensic Chain of Title Securitization Analysis completed by qualified expert in to verify the claims of this complaint on Nov. 2, 2016. (Exhibit A) Affidavit of Michael Carrigan . As a result of recently discovered evidence Plaintiff denies that he has a loan at all and was a victim of constructive fraud and fraud in the inducement. The Certified Forensic Loan Auditor's report (Exhibit A) will show that the 1031 Exchange (**which homeowner is an entitled and interested party**) did not conform with New York Securities Law.

25. Plaintiff is the Superior Recorded owner of the Prime Market Property. (Exhibit B) Grant Deed.

26. Plaintiff was issued an Uncertificated Security to execute in the capacity of (Accommodation Party) to a Tangible Note Bill of Exchange on 10/26/2006 regarding a purported loan to (Accommodated Party) Deutsche Bank National Trust Company as trustee for HMLT-2007-2 for $160,000. The loan was originated by Homeward Residential, Inc.

27. Defendant Deutsche Bank National Trust Company is an account debtor Accommodated Party to a 26 U.S. Code § 1031 – Exchange of property held for productive use or investment.

28. Plaintiff herein alleges that the signatures on the Tangible Note Bill of Exchange instrument as the Accommodation party constitutes a **statutory capacity as Surety** for the Non-Depository Payor Bank, the original Accommodated secured party of record, acting as Trustee/Account Debtor pursuant to a Special Deposit 26 U.S. Code§1031 – Exchange of property held for productive use or investment.

29. Plaintiff pledged a Constructive Deed of Trust granting Legal Title to Accommodate Deutsche Bank National Trust Company to file against Plaintiff's Superior Claim to Title filed in the Official Records of the Philadelphia County Recorder's Office on 10/2/2006 as ins#515599145. (Exhibit M) Deed of Trust.

30. The purported Mortgage loan contracts between the parties are specific as to the duties of each party. On Aug. 26, 2011 the house at 604 Avon St., Philadelphia, Pa. 19116 suffered water damage and a check was sent to Plaintiffs payable to both Plaintiff and Ocwen. When Plaintiff sent check to Ocwen to sign and return they never returned the amount of $6,195.11 . Plaintiff is seeking monetary damages of $6,195.11.

31. On Sept. 21, 2012 , an Assignment of Deed of Trust was recorded with the Philadelphia Recorder's Office as ins#2012.52537475. Examiner considers this an invalid document requiring rescission for wrongful foreclosure which took place on