### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANIL J. BRAHMBHATT AND USHA A. BRAHMBHATT, | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No.  2:17-cv-05139-JS |
| | : |
| v. | : |
| | : |
| OCWEN SERVICING INC., AND DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2007-2 | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

AND NOW, on this _____ day of _____, 2017, upon consideration of the Motion of Defendants Ocwen Loan Servicing LLC (improperly named as "Ocwen Loan Servicing, Inc.") and Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust 2007-2  to dismiss this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

**BY THE COURT:**

_____ **J.**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANIL J. BRAHMBHATT AND USHA A. BRAHMBHATT, : | |
| Plaintiffs, : | Civil Action No.  2:17-cv-05139-JS |
| v. : | |
| OCWEN SERVICING INC., AND DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2007-2 : | |
| Defendants. : | |

### MOTION OF DEFENDANTS OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2007-2 TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)

Defendants Ocwen Loan Servicing LLC (improperly named as "Ocwen Loan Servicing, Inc.") ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust 2007-2 ("DBNTC as Trustee") (collectively herein "Defendants") hereby move for the dismissal of this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). In support of this Motion, Defendants incorporate by reference the accompanying Memorandum of Law.  A proposed Order is attached.

*s/ Joe Nguyen*
Joe Nguyen
Jacqueline M. Aiello
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA  19103-7018
Phone: (215) 564-8000
Email:    JNguyen@Stradley.com
             jaiello@stradley.com
*Attorneys for Defendants*
*Ocwen Loan Servicing, LLC and Deutsche Bank*
*National Trust Company, as Trustee for*
*Harborview Mortgage Loan Trust 2007-2*

Date:  November 29, 2017November 29, 2017

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANIL J. BRAHMBHATT AND USHA A. BRAHMBHATT, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.  2:17-cv-05139-JS |
| | : | |
| v. | : | |
| | : | |
| OCWEN SERVICING INC., AND DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2007-2 | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(B)(6)

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   FACTUAL BACKGROUND .................................................................1

III.  ARGUMENT .........................................................................................3

    A.    Plaintiffs' Complaint Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)....................................................................................................3

        i.    Legal Standard for a Motion to Dismiss .......................................3

        ii.   All of Plaintiffs' Claims are Barred by the Applicable Statute of Limitations and Must be Dismissed .........................................4

        iii.  Plaintiffs' Claims are barred by the Doctrine of Res Judicata, Collateral Estoppel and the Rooker-Feldman Doctrine.............................5

            a.    Res Judicata .................................................................6

            b.    Collateral Estoppel.......................................................7

            c.    Rooker-Feldman .........................................................8

        iv.  Plaintiffs Lack Standing to Challenge the Assignment of Mortgage..................................................................................9

        v.   Plaintiffs' Claims Fail to State a Cause of Action Against the Defendants .........................................................................11

            a.    Plaintiffs' Purported Fraud Claims Should Be Dismissed for Plaintiffs' Failure to Plead The Necessary Elements of these Claims.............................12

            b.    Plaintiffs' Cause of Action Alleging Unconscionability on the Part of Defendants Should Be Dismissed Because Unconscionability Cannot Be a Basis for Affirmative Relief ......................................................12

            c.    Plaintiffs' Cause of Action for Breach of Fiduciary Duty Fails to Allege a Duty Owed by Defendants................................14

            d.    Plaintiffs' Cause of Action for Breach of Contract Should Be Dismissed Because Plaintiffs Fail to Plead a Critical Element of this Cause of Action................................15

i

e.      Plaintiffs' Cause of Action Pursuant to California's
        Homeowner's Bill of Rights Must Be Dismissed Because
        Neither the Property Nor the Plaintiffs Are  Located in
        California .................................................................................... 17

f.      Plaintiffs' Cause of Action for Wrongful Death Must Be
        Dismissed Because There Are No Allegations Made That
        Defendants Caused the Death of Plaintiffs' Relatives ................. 17

IV.   CONCLUSION ........................................................................................... 19

## TABLE OF AUTHORITIES

CASES

*Argo Welded Products, Inc. v. J.T. Ryerson Steel & Sons,*
  528 F. Supp. 583 (E.D. Pa. 1981) ..................................................................................13

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................................................3

*Bank of Am., N.A. v. Gibson,*
  102 A.3d 462 (Pa. Super. Ct. 2014) .................................................................................10

*Banks v. County of Allegheny,*
  568 F. Supp. 579 (W.D.N.Y. 2008) ...................................................................................6

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...................................................4

*Bensalem Township v. International Surplus Lines Ins. Co.,*
  38 F.3d 1303 (3d Cir. 1994) ............................................................................................13

*Bishop v. Washington,*
  331 Pa. Super. 387, 480 A.2d 1088 (Pa. Super. Ct. 1984) ...................................................12

*Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co.,*
  63 F.3d 1227 (3d Cir. 1995) .............................................................................................7

*CitiMortgage, Inc. v. Barbezat,*
  131 A.3d 65, 72 (Pa. Super. Ct. 2016) ..............................................................................10

*Eaton v. Bank of America, N.A.,*
  No. 347-WDA-2014, 2014 WL 10752211 (Sup. Ct. Pa. Dec. 23, 2014)................................10

*Erbe v. Philadelphia R. T. Co.,*
  256 Pa. 567, 100 A. 966 (Pa. 1917) .................................................................................18

*Germantown Mfg. Co. v. Rawlinson,*
  341 Pa. Super. 42, 491 A.2d 138 (Pa. Super. Ct. 1985) .....................................................12

*Guy v. Liederbach,*
  501 Pa. 47, 459 A.2d 744 (1983) .....................................................................................15

*Houston v. Republican Athletic Association,*
  343 Pa. 218, 22 A.2d 715 (Pa. 1941) ...............................................................................18

*In re Graham,*
  973 F.2d 1089 (3d Cir. 1992)............................................................................................7

*In re Walker*,
   466 B.R. 271 (Bankr. E.D. Pa. 2012) ................................................................10

*JP Morgan Chase Bank, N.A. v. Murray*,
   63 A.3d 1258, 1264-65 (Pa. Super. Ct. 2013) .................................................9-10

*Lubrizol Corp. v. Exxon Corp.*,
   929 F.2d 960 (3d Cir. 1991) .................................................................................6

*Martin v. Marateck*,
   345 Pa. 103, 27 A.2d 42 (Pa. 1942) ...................................................................18

*Mehrtens v. Fiduciary Trust Co. Intern.*,
   No. 92 WDA 2014, 2015 WL 7573091 (Sup. Ct. Pa. Jan. 22, 2015) ....................14

*MERS v. Ralich*,
   982 A.2d 77 (Pa. Super. Ct. 2009) .................................................................10-11

*Omnicron Sys., Inc. v. Weiner*,
   860 A.2d 554 (Pa. Super. Ct. 2004) ...................................................................15

*Parklane Hosiery Co. v. Shore*,
   439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) .............................................7

*Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept.*,
   973 F.2d 169 (3d Cir. 1992) .................................................................................8

*Reddington v. Philadelphia*,
   253 Pa. 390, 98 A. 601 (Pa. 1916) .....................................................................18

*Robinson v. Johnson*,
   313 F.3d 128 (3d Cir. 2002) .................................................................................4

*Rycoline Products, Inc. v. C & W Unlimited*,
   109 F.3d 883 (3rd Cir. 1997) ...............................................................................4

*Smith v. Morgan*,
   75 Fed.Appx. 505 (6th Cir. 2003) .........................................................................6

*Taylor v. Sturgell*,
   553 U.S. 880, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) ....................................7

*Thompson v. Gorman*,
   366 Pa. 242, 77 A.2d 413 (Pa. 1951) .................................................................18

*Turner v. Crawford Square Apartments III, L.P.*,
   449 F.3d 542 (3d Cir. 2006) .................................................................................6

*U.S. by Dept. of Housing and Urban Dev. ex rel. Givler v. Smith*,
    775 F.Supp. 172 (E.D. Pa. 1991) ......................................................................... 12

*Walker v. Horn*,
    385 F.3d 321 (3d Cir. 2004) ................................................................................ 9

*Wells Fargo Bank, N.A. v. DeVicaris*,
    Nos. 2072 EDA 2014, 2281 EDA 2014, 2015 WL 7355252 (Sup. Ct. Pa. Mar. 31,
    2015)...................................................................................................................... 14

*Worldwide Underwriters Ins. Co. v. Brady*,
    973 F.2d 192 (3d Cir. 1992) ................................................................................ 13

**STATUTES**

42 Pa.C.S.A. § 5524(7) .............................................................................................. 4

42 Pa.C.S.A. § 8301 ................................................................................................... 17

**RULES**

12 C.F.R. 1024.41 ...................................................................................................... 4

24 C.F.R. § 3500.14 ................................................................................................... 4

Fed. R. Civ. P. 12(b)(6)......................................................................................... 1, 3-4, 19

Fed. R. Civ. P. Rule 9(b) .......................................................................................... 12

**CODES**

12 U.S.C. § 2607......................................................................................................... 4

12 U.S.C. § 2614......................................................................................................... 4

28 U.S.C. § 1257......................................................................................................... 8

15 U.S.C.A. § 1641(g)................................................................................................ 4

**CONSTITUTIONAL PROVISIONS**

Bill of Rights......................................................................................................... 11, 17

Defendants Ocwen Loan Servicing LLC (improperly named as "Ocwen Loan Servicing, Inc.") ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust 2007-2 ("DBNTC as Trustee") (collectively herein "Defendants") hereby submit this Memorandum of Law in support of its Motion to Dismiss this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

## I.    INTRODUCTION

Plaintiffs Anil J. Brahmbhatt and Usha A. Brahmbhatt (hereinafter "Plaintiffs") commenced this action against Defendants alleging violations of both state and federal law regarding a note ("Note") and mortgage ("Mortgage") (hereinafter collectively referred to as the "Loan") concerning property located at 604 Avon Street, Philadelphia, PA 19116 ("the Property"). Plaintiffs seek to void a prior foreclosure sale of the Property, quiet title to the Property, and seek additional damages from Defendants for fraud, breach of fiduciary duty, breach of contract, wrongful death and for alleged violations of several federal statutes regarding the servicing and assignment of this Mortgage. This action should be dismissed with prejudice because Plaintiffs' causes of action are barred by the applicable statute of limitations. In addition, Plaintiffs lack standing to challenge the Assignment of Mortgage and Pooling and Servicing Agreement transferring the Note and Mortgage to DBNTC as Trustee. Moreover, Plaintiffs' claims are barred by the doctrines of *res judicata*, collateral estoppel and the Rooker Feldman Doctrine. Lastly, Plaintiffs fail to state a cause of action against Defendants. Accordingly, this action should be dismissed with prejudice.

## II.    FACTUAL BACKGROUND

According to Plaintiffs' Complaint, on October 12, 2006, Plaintiff Anil J. Brahmbhatt executed and delivered a note in the amount of $160,000.00 (the "Note") to American Brokers Conduit bearing that date. A copy of the Note is attached hereto as **Exhibit A**. As collateral

security for the payment of the above indebtedness, Plaintiffs executed and delivered a mortgage to American Brokers Conduit and its successors and assigns also dated October 12, 2006 (the "Mortgage"). The Mortgage was recorded against the property located at 604 Avon Street, Philadelphia, PA 19116 (the "Property"). A copy of the Mortgage is attached hereto as **Exhibit B**. According to Plaintiffs' Complaint, the Note and Mortgage were thereafter assigned to Defendant Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust 2007-2. In order for clarity of the record, it is important to note that the blankly endorsed Note and Mortgage were physically delivered to the Defendant Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust 2007-2 on or before March 30, 2007 as part of a Pooling and Servicing Agreement. A copy of the Pooling and Servicing Agreement and Mortgage Loan Schedule governing this trust and evidencing this transfer is attached hereto as **Exhibit C**. Additionally, the Mortgage was assigned to Deutsche Bank National Trust Company, as Trustee for Harborview Mortgage Loan Trust 2007-2 by assignment dated April 29, 2014 and recorded on May 28, 2014 in Document ID 52785918. A copy of this Assignment if attached hereto as **Exhibit D**.

Plaintiffs failed to comply with the terms and conditions of the Note and Mortgage by failing to make the required payments, and thus have not satisfied their obligations under the Note and Mortgage. *See* the Notarized Affidavit of Plaintiff attached with Plaintiffs' Complaint (Docket No. 1) at ¶6. DBNTC as Trustee commenced an action to foreclose on its Mortgage on or about September 17, 2014 in the Pennsylvania Court of Common Pleas, Philadelphia County. A copy of this case docket is attached hereto as **Exhibit E**. DBNTC as Trustee was granted judgment of foreclosure and sale and proceeded to sale of the Property on May 5, 2015 which resulted in a sale to DBNTC as Trustee. The Plaintiffs no longer reside at the Property as a result

of this sale and the Property has subsequently been sold to a third party.  A copy of this Deed is attached hereto as **Exhibit F**.

Plaintiffs commenced this action in the New York State Supreme Court, Kings County seeking to void the foreclosure sale and seeking additional damages related to the transfer and assignment of the Note and Mortgage.  Defendants timely removed this case to the United States District Court, Eastern District of New York and simultaneously sought the transfer of this action to the instant Court.  This matter was transferred on November 8, 2017.  Defendants hereby seek the dismissal of Plaintiffs' Complaint in its entirety.

## III.  ARGUMENT

### A.  Plaintiffs' Complaint Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)

Plaintiffs' Complaint must be dismissed because their claims for fraud in the concealment, fraudulent inducement, unconscionability, breach of contract, breach of fiduciary duty, Truth in Lending Act ("TILA") violations, Consumer Credit Protection Act ("CCPA") violations and violations of Regulation X are all barred by the applicable statute of limitations. Plaintiffs also lack standing to raise the causes of action for wrongful foreclosure, for quiet title, for slander of title and for declaratory judgment.   Plaintiffs' causes of action for wrongful foreclosure, unconscionability, breach of contract, quiet title, slander of title and declaratory judgment are barred by the doctrines of collateral estoppel, *res judicata* and the Rooker-Feldman doctrine.  Lastly, Plaintiffs' claims fail to state a cause of action against Defendants because each of these claims are insufficiently pled.

#### i.   *Legal Standard for a Motion to Dismiss*

To survive a  motion to dismiss pursuant to Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court will affirm a Rule 12(b)(6) dismissal "only if the plaintiff fails to provide factual allegations sufficient to raise a right to relief above the speculative level." *Id.* Moreover, a statute of limitations defense may be raised by a Rule 12(b)(6) motion, "but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Lastly, motions to dismiss raising the issue of res judicata and/or collateral estoppel are properly brought under Rule 12(b)(6). *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3rd Cir. 1997).

### ii.   All of Plaintiffs' Claims are Barred by the Applicable Statute of Limitations and Must be Dismissed

Plaintiffs' causes of action for fraud in the concealment, fraudulent inducement, unconscionability, breach of contract, breach of fiduciary duty, TILA violations, CCPA violations and violations of Regulation X are barred by the applicable statute of limitations. Accordingly, each of these causes of action should be dismissed as time-barred.

The statute of limitations for Plaintiffs' causes of action for fraud in the concealment, fraudulent inducement, and unconscionability is two years. *See* 42 Pa.C.S.A. § 5524(7). The statute of limitations for Plaintiffs' cause of action for breach of fiduciary duty and breach of contract is also two years. *See* 42 Pa.C.S.A. § 5524(7). The statute of limitations for a claim under Regulation X and 12 C.F.R. 1024.41 is governed by a one-year statute of limitations. See 12 U.S.C. § 2607; 24 C.F.R. § 3500.14; 12 U.S.C. § 2614. Plaintiffs' causes of action for violations of TILA and the CCPA are also governed by a one year statute of limitations. *See* 15 U.S.C.A. § 1641(g).

Here, all of Plaintiffs' causes of action stem from the origination of the Loan and the subsequent securitization of the Loan and transfer of the Note to DBNTC as Trustee.

4

Specifically, Plaintiffs claim that Defendants (1) defrauded Plaintiffs into entering into the Loan; (2) that the Loan was unconscionable; (3) that Defendants breached their contract and fiduciary duty to Plaintiffs and violated TILA and the CCPA by virtue of the Assignment of the Mortgage and transfer of the Note; and (4) that Defendants violated Regulation X while reviewing the Defendants for a loan modification[1]. *See* Exhibit A.  All of these events occurred from October 12, 2006 to March 30, 2007.  However, this action was not commenced until March 1, 2017, *i.e.*, more than ten years from the date of origination and more than two years from the date of Plaintiffs' last loan modification application.  *See* Exhibits A, B and G.  Therefore, each of these causes of action is time barred and thus must be dismissed.

### iii. *Plaintiffs' Claims are barred by the Doctrine of Res Judicata, Collateral Estoppel and the Rooker-Feldman Doctrine*

Plaintiffs' causes of action for wrongful foreclosure, breach of contract, quiet title, slander of title and declaratory judgment involve issues which have already been decided by the Pennsylvania Court of Common Pleas, Philadelphia County in the underlying foreclosure action. *See* Exhibit E.  Each of these causes of action allege damages as a result of DBNTC as Trustee's predecessor's alleged improper Assignment of the Mortgage, transfer of the Note, and DBNTC as Trustee's commencement of the foreclosure.  Because DBNTC as Trustee was able to prove standing in the underlying foreclosure action these claims are barred by the doctrine of *res judicata*, collateral estoppel, and the Rooker-Feldman Doctrine.

---

[1] This is the only cause of action, which could have arguably began to accrue after March 30, 2007.  While Plaintiffs' Complaint is silent as to the date of the alleged violation Defendants' last modification application was received in 2015 before the foreclosure sale. A copy of this Modification Agreement is attached hereto as **Exhibit G**.  A modification application could not have been submitted after the foreclosure sale in May of 2015, so this cause of action is also untimely.

a.      _Res Judicata_

Plaintiffs were unsuccessful in the underlying state court foreclosure action in preventing the foreclosure sale.  *See* Exhibit E.  The Pennsylvania Court of Common Pleas, Philadelphia County permitted DBNTC as Trustee to foreclose and proceed to sale. This order is a final judgment on the merits.  Plaintiffs' claims seeking to void the foreclosure sale and any damages as a result of the Assignment of Mortgage or the transfer of the Note are barred by the doctrine of *res judicata*.

As explained by the Court of Appeals, the federal law of res judicata or claim preclusion involves a three pronged test, and bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 551 (3d Cir. 2006).  In light of the purposes which res judicata serves, the doctrine not only bars relitigation in a second suit of what was actually litigated in the first suit, but res judicata also bars relitigation of what could have been litigated in the first suit. *See Banks v. County of Allegheny*, 568 F. Supp. 579, 591 (W.D.N.Y. 2008) (citing *Smith v. Morgan*, 75 Fed.Appx. 505, 506 (6th Cir. 2003).

Plaintiffs' causes of action seeking to challenge Defendants' ability to proceed with the foreclosure and also seeking to void the foreclosure sale and quiet title are barred by the doctrine of *res judicata*.  The Pennsylvania Court of Common Pleas, Philadelphia County has already determined that DBNTC as Trustee had standing to commence the foreclosure action based on a proper Assignment of Mortgage and proper transfer of the blankly endorsed Note and permitted

DBNTC as Trustee to foreclose.  The Pennsylvania Court of Common Pleas, Philadelphia County did not find that DBNTC as Trustee breached any of its covenants or contracts with the Plaintiffs and permitted DBNTC as Trustee to proceed to a foreclosure sale. Such order was dispositive of all of Plaintiffs' claims related to the Defendants' standing to foreclose on the Mortgage.  Accordingly, this action must be dismissed.

### b.    *Collateral Estoppel*

The issues within Plaintiffs' Complaint have already been fully litigated by the Pennsylvania Court of Common Pleas, Philadelphia County and thus are barred by the doctrine of collateral estoppel.

The doctrine of collateral estoppel or issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell,* 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008).  "The prerequisites for the application of issue preclusion are satisfied when: '(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" *Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231–32 (3d Cir. 1995) (quoting *In re Graham*, 973 F.2d 1089, 1097 (3d Cir. 1992)); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The Plaintiffs appeared in the underlying foreclosure action and attempted to contest the foreclosure and stay the sale.  Within Plaintiffs' answer to the foreclosure complaint, Plaintiffs even admit that DBNTC as Trustee is the assignee of the Mortgage and does not contest DBNTC as Trustee's standing to foreclose.  *See* ¶ 4 of Plaintiffs' answer to the underlying foreclosure action attached hereto as **Exhibit H**.  The Plaintiffs filed two additional applications with the

7

Pennsylvania Court of Common Pleas, Philadelphia County seeking to stay the sale.  Copies of the motions to stay the sale from the underlying foreclosure are attached hereto as **Exhibit I**. Plaintiffs already attempted to challenge DBNTC as Trustee's ability to foreclose and were unsuccessful. The Pennsylvania Court of Common Pleas, Philadelphia County determined that Defendants could proceed with the foreclosure sale.   Thus, Plaintiffs are now collaterally estopped from raising these issues which have already been decided by the Pennsylvania Court of Common Pleas, Philadelphia County, and such causes of action should be dismissed.

c.      *Rooker-Feldman*

This Court lacks subject matter jurisdiction to review the judgment of the Pennsylvania Court of Common Pleas, Philadelphia County which permitted DBNTC as Trustee to proceed to a foreclosure sale. Plaintiffs, in seeking to void the foreclosure sale and quiet title, are essentially seeking a secondary review of this judgment, without appealing to the correct court. This cause of action should be dismissed because this Court lacks jurisdiction to review the Pennsylvania Court of Common Pleas, Philadelphia County's judgment.

The Rooker–Feldman doctrine prevents "inferior" federal courts from sitting as appellate courts for state court judgments. *See*, *e.g.*, *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept.*, 973 F.2d 169, 173 (3d Cir. 1992).  The Rooker–Feldman doctrine arises from 28 U.S.C. § 1257 which states in relevant part that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court."

Thus, a claim is barred by Rooker–Feldman under two circumstances:

> first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. In either case, Rooker–Feldman bars a

litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims.

*Walker v. Horn*, 385 F.3d 321, 329 (3d Cir. 2004) (citations, internal quotations and brackets omitted).

The Pennsylvania Court of Common Pleas, Philadelphia County's judgment of foreclosure permitting DBNTC as Trustee to proceed with the foreclosure sale is determinative of these issues which Plaintiffs now base their claims. Plaintiffs are seeking to have this Court review the issues already decided by the Pennsylvania Court of Common Pleas, Philadelphia County. However, this federal court has no subject matter jurisdiction to review this judgment of the state court under the Rooker-Feldman Doctrine. *Walker*, 385 F.3d at 329. Thus, these causes of action should be dismissed.

### iv. *Plaintiffs Lack Standing to Challenge the Assignment of Mortgage*

Plaintiffs seek to void the foreclosure sale and quiet title based on DBNTC as Trustee's alleged lack of standing because of an Assignment of Mortgage executed by Mortgage Electronic Registrations Systems, Inc. ("MERS"). Plaintiffs challenge MERS' ability to assign the Mortgage as nominee. Plaintiffs are conflating the difference between the legal interest in the Mortgage and how it is transferred via an assignment of mortgage versus the equitable interest providing the right to enforce proven through possession of the Original Note and Mortgage. Plaintiffs improperly claim that the MERS Assignment of Mortgage divested DBNTC as Trustee of its standing to foreclose. Plaintiffs lack standing to challenge this MERS Assignment of the Mortgage and Defendants' receipt of the Note and thus Plaintiffs' causes of action for wrongful foreclosure, quiet title, slander of title and declaratory judgment must be dismissed for lack of standing. In addition to lacking standing to raise this challenge, the Assignment of Mortgage was properly executed by MERS as nominee.

9

It is well-established that only the principal has standing to question the validity of the assignment of mortgage, and that a borrower or any third party lacks standing to challenge the assignment. *See JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1264-65 (Pa. Super. Ct. 2013); *see also In re Walker*, 466 B.R. 271 (Bankr. E.D. Pa. 2012), (holding that a borrower lacked standing to question the validity of the assignment of the note.) "If a borrower cannot demonstrate potential injury from the enforcement of the note and mortgage by a party acting under a defective assignment, the borrower lacks standing to raise the issue." *Murray*, 63 A.3d at 1265. It has further been held that a borrower lacks the ability to commence a quiet title action, on the basis of his challenges to the assignment of mortgage. *See Eaton v. Bank of America, N.A.*, No. 347-WDA-2014, 2014 WL 10752211 at *6-*7 (Sup. Ct. Pa. Dec. 23, 2014).

Plaintiffs, as non-parties to the MERS Assignment or securitization of the Note, lack standing to challenge either. *Murray*, at 1264-65. Similarly, Plaintiffs' challenges to the assignment of mortgage and securitization of the loan, are insufficient to sustain a quiet title action. *Eaton*, 2014 WL 10752211 at *6-*7.

Additionally, not only does Plaintiffs lack standing to challenge the MERS Assignment, the MERS Assignment was proper. Plaintiffs claim that the MERS Assignment of Mortgage divested DBNTC as Trustee of its standing, however Plaintiff's claims misconstrue MERS's role with regards to the loan. Specifically, MERS only ever held a legal interest in the mortgage and does not assert any interest in the Note. MERS's role in assigning the legal interest in the mortgage does not create a split of the note and mortgage that makes the mortgage unenforceable. Pennsylvania courts make it clear that a mortgage loan follows the note and passes as an inseparable incident to the note. *See CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 72 (Pa. Super. Ct. 2016)(holding that a "holder in due course of a note endorsed in blank," requires

"no formal assignment or transfer."). Under Pennsylvania law, MERS, as nominee, has authority

to assign mortgages. *See Bank of Am., N.A. v. Gibson*, 102 A.3d 462 (Pa. Super. Ct. 2014).

Courts have also held that in addition to having the ability to assign the mortgage, MERS has

authority to enforce the loan because the mortgage granted MERS the right to exercise "any and

all" interests incidental to legal title. *See MERS v. Ralich*, 982 A.2d 77 (Pa. Super. Ct. 2009).

Contrary to Plaintiffs' allegations, the Assignment of Mortgage executed by MERS did

not split the Note and Mortgage, divesting DBNTC as Trustee of standing. *See Ralich*, 982 A.2d

77. DBNTC as Trustee is able to establish, by virtue of the Mortgage Loan Schedule, that it

came into possession of the original blankly endorsed Note on or before March 30, 2007. *See*

Exhibit D. Therefore, by virtue of this physical delivery of the Note, the Mortgage follows and

DBNTC as Trustee is the holder of both the Note and Mortgage and has the equitable interest to

enforce, as a result. Thus, even though MERS had authority to execute the Assignment of

Mortgage, one was not required because DBNTC as Trustee already became the holder of the

Note and Mortgage upon receipt of the blankly endorsed Note before March 30, 2007.

Accordingly, Plaintiffs' entire Complaint seeking to void the foreclosure sale and to quiet

title must be dismissed because challenging Defendants' standing to foreclose is an insufficient

basis to quiet title. Plaintiffs not only lack standing to do so, but Defendants sufficiently proved

its standing to commence the foreclosure action. Thus, the Plaintiffs' claims must be dismissed

in their entirety.

### v.    *Plaintiffs' Claims Fail to State a Cause of Action Against the Defendants*

Plaintiffs attempt to assert causes of action for fraud in the concealment, fraudulent

inducement, unconscionability, breach of contract, breach of fiduciary duty, violations of the

Homeowners' Bill of Rights ("HBOR"), and wrongful death. Each of these claims should be

dismissed for Plaintiffs' inability to plead a necessary element to each cause of action.

        a.        *Plaintiffs' Purported Fraud Claims Should Be Dismissed for Plaintiffs' Failure to Plead The Necessary Elements of these Claim*

Not only are Plaintiffs' causes of action for fraud in the concealment and fraudulent inducement barred by the statute of limitations, but such claims are insufficiently pled.

Specifically, Fed. R. Civ. P. Rule 9(b) requires that "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." It has been held that the purpose of Rule 9(b) is to place the defendant on notice of the precise misconduct with which it is charged and to safeguard defendants against spurious charges of immoral and fraudulent behavior. *U.S. by Dept. of Housing and Urban Dev. ex rel. Givler v. Smith*, 775 F.Supp. 172, 181 (E.D. Pa. 1991).

Conspicuously absent from Plaintiffs' allegations are any specific allegations which put Defendants on notice of the "precise misconduct which it is charged." Plaintiffs' complaint is simply riddled with confusing and bald allegations that in no way amount to fraud. *Id.* Moreover, Plaintiffs fail to allege that any actions were made by Defendants with the intent to defraud, how or why Plaintiffs relied on such actions and how Plaintiffs were damaged. *Id.* Thus, Plaintiffs' claims for fraud in the concealment and fraudulent inducement should be dismissed.

        b.        *Plaintiffs' Cause of Action Alleging Unconscionability on the Part of Defendants Should Be Dismissed Because Unconscionability Cannot Be a Basis for Affirmative Relief*

Plaintiffs claim damages for the alleged "unconscionability" of the Loan agreement between Plaintiffs and Defendants. Not only is this claim time barred, but this claim must be dismissed because unconscionability is a defense to a contract and no affirmative relief can be sought on the basis of unconscionability.

Unconscionability is a "defensive contractual remedy which serves to relieve a party from an unfair contract or from an unfair portion of a contract." *Germantown Mfg. Co. v. Rawlinson*, 341 Pa. Super. 42, 491 A.2d 138, 145 (Pa. Super. Ct. 1985). The party challenging a contract provision as unconscionable generally bears the burden of proving unconscionability. *Bishop v. Washington*, 331 Pa. Super. 387, 480 A.2d 1088, 1094 (Pa. Super. Ct. 1984); *see also Argo Welded Products, Inc. v. J.T. Ryerson Steel & Sons*, 528 F. Supp. 583, 592–93 (E.D. Pa. 1981). "Unconscionability requires a two-fold determination: that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions." *Bensalem Township v. International Surplus Lines Ins. Co.*, 38 F.3d 1303, 1312 (3d Cir. 1994) (quoting *Worldwide Underwriters Ins. Co. v. Brady*, 973 F.2d 192, 196 (3d Cir. 1992)).

Here, Plaintiffs fail to allege how the contract was unreasonably favorable to the drafter – DBTNC as Trustee's predecessor in interest. The Note and Mortgage agreements were standard loan agreements that provided the Plaintiffs with the funds to purchase the Property. Plaintiffs fail to allege how they were misled into entering in the Note and Mortgage. Further, Plaintiffs fail to allege that they did not have a meaningful choice in the Note and Mortgage; agreements which they sought out from DBTNC as Trustee's predecessor in interest. Plaintiffs' sole basis for unconscionability is that DBTNC as Trustee's predecessor failed to disclose that the Note and Mortgage could be assigned. First, this would not render the Note and Mortgage unconscionable because this does not make the contract unreasonably favorable to the Defendants. Second, the Mortgage clearly states that the Note and Mortgage can be assigned without prior notice to the Plaintiffs, and thus Plaintiffs were aware of this provision and still chose to enter into the Note

and Mortgage.  *See* Ex. B at ¶20.   Therefore, Plaintiffs' claim for unconscionability must be dismissed.

       c.      *Plaintiffs' Cause of Action for Breach of Fiduciary Duty Fails to Allege a Duty Owed by Defendants*

Plaintiffs have failed to plead that Defendants owed a fiduciary duty to the Plaintiffs. This is a critical element to a cause of action for breach of a fiduciary duty, and thus, not only is this claim time-barred, it should also be dismissed for failing to state a cause of action.

The elements of a cause of action to recover damages for breach of fiduciary duty are:

> (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct. A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation. Such a relationship may exist where one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge, but an arms-length business relationship does not give rise to a fiduciary obligation. The core of a fiduciary relationship is a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions.

*Mehrtens v. Fiduciary Trust Co. Intern.*, No. 92 WDA 2014, 2015 WL 7573091 at *7 (Sup. Ct. Pa. Jan. 22, 2015).

There exists no fiduciary duty between mortgagee and mortgagor as it relates to the origination of a loan.  *See Wells Fargo Bank, N.A. v. DeVicaris*, Nos. 2072 EDA 2014, 2281 EDA 2014, 2015 WL 7355252 at *7 (Sup. Ct. Pa. Mar. 31, 2015) (dismissing mortgagor's counterclaim for breach of fiduciary duty claim alleging that the mortgagee "'knew or should have known' that [ ] the loan and line of credit were unlikely to be repaid." The court found that no duty was owed by the mortgagee to the mortgagor during origination or servicing of the loan).

Plaintiffs allege that DBNTC as Trustee's predecessor breached a fiduciary duty owed to Plaintiffs by transferring and assigning the Note and Mortgage.  This cause of action must be

14

dismissed because Plaintiffs are unable to plead that Defendants or DBNTC as Trustee's predecessor owed any duty to the Plaintiffs beyond that contained in the Note and Mortgage. There exists no fiduciary duty owed to the Plaintiffs because the relationship between Plaintiffs and Defendants are simply that of mortgagors and mortgagee or mortgagors and servicer. *See DeVicaris*, 2015 WL 7355252 at \*7. Additionally, Plaintiffs fail to allege any damage as a result of the transfer and assignment of the Note and Mortgage. Plaintiffs do not allege that this transfer and assignment of the Note and Mortgage caused Plaintiffs to default on their obligations under the Loan. Plaintiffs' default under the Loan is what led to the foreclosure sale and Plaintiffs' alleged damages and thus Plaintiffs cannot contend that any action on the part of the Defendants is what caused their alleged damages. Accordingly, this cause of action must be dismissed.

> d.    *Plaintiffs' Cause of Action for Breach of Contract Should Be Dismissed Because Plaintiffs Fail to Plead a Critical Element of this Cause of Action*

Plaintiffs' cause of action for breach of contract should be dismissed because Plaintiffs are unable to establish that they adequately performed under the contract between Plaintiffs and Defendants, as Plaintiffs clearly acknowledge their breach under the Note and Mortgage. Therefore, not only is this claim time-barred, but Plaintiffs also fail to plead a requisite element of this claim. Additionally, Plaintiffs cannot plead a cause of action for breach of contract stemming from the Assignment of Mortgage and securitization of the Loan because Plaintiffs were not a party to those agreements.

The elements of a breach of contract claim in Pennsylvania are as follows: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Omnicron Sys., Inc. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. Ct. 2004). A non-party to a contract lacks standing to enforce the agreement unless they

are an intended beneficiary.   There is thus a two part test for determining whether one is an

intended third party beneficiary:

> (1) the recognition of the beneficiary's right must be "appropriate
> to effectuate the intention of the parties," and (2) the performance
> must "satisfy an obligation of the promisee to pay money to the
> beneficiary" or "the circumstances indicate that the promisee
> intends to give the beneficiary the benefit of the promised
> performance.

*Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983).

The only agreement between the Plaintiffs and DBTNC as Trustee's predecessor was the

Note and Mortgage.   There exists no contract between Plaintiffs and Ocwen.   If it is Plaintiffs'

claim that DBNTC as Trustee breached the Note and Mortgage, Plaintiffs have failed to plead

that they themselves have substantially complied with the terms of the Note and Mortgage.

Throughout Plaintiffs' Complaint they acknowledge that they breached the terms of the Note and

Mortgage and defaulted under the Loan, resulting in the foreclosure sale. *See* Pl.'s Comp. Docket

No. 1. Therefore, Plaintiffs fail to state a cause of action for breach of contract in that they fail to

establish that they substantially complied with the terms of the Note and Mortgage, and thus this

cause of action should be dismissed.

Moreover, if it is Plaintiffs' claim that DBNTC as Trustee's predecessor breached a

contract by assigning the Mortgage and transferring the Note to DBNTC as Trustee, Plaintiffs

still cannot plead the existence of a contract.   Plaintiffs were not parties to the Assignment of

Mortgage and were not intended beneficiaries.   Thus, they are unable to establish the first

element of a cause of action for breach of contract – namely that a contract exists between the

parties.   Therefore, this cause of action must also be dismissed for this reason.   Further, the

Mortgage permitted DBTNC as Trustee's predecessor to assign the Note and Mortgage without

prior notice to the Plaintiffs.  *See* Ex. B ¶20.  Therefore, the Assignment of Mortgage cannot be considered a breach.

Plaintiffs' remaining claims that a satisfaction or release of mortgage was to be filed by the Defendants after the assignment is also unfounded because Plaintiffs specifically acknowledge that they never satisfied their obligations under the Note and Mortgage, warranting a satisfaction.  Thus, this claim must also be rejected by the Court.

> e.    *Plaintiffs' Cause of Action Pursuant to California's Homeowner's Bill of Rights Must Be Dismissed Because Neither the Property Nor the Plaintiffs Are Located in California*

Plaintiffs' Eleventh Cause of Action claims that Defendants violated the "National Homeowner's Bill of Rights" ("HBOR").  HBOR is not a national statute but rather a statute from California, for its state's residents.

The purpose of California's HBOR was "to ensure fair lending and borrowing practices for California homeowners."  In order to sustain a cause of action under HBOR, the property or the plaintiff needs to be in California.  The Plaintiffs and the Property in this action are both in Philadelphia, PA.  Thus, HBOR is not applicable and this cause of action must be dismissed.

> f.    *Plaintiffs' Cause of Action for Wrongful Death Must Be Dismissed Because There Are No Allegations Made That Defendants Caused the Death of Plaintiffs' Relatives*

Plaintiffs' conclusory and outlandish cause of action for wrongful death must be dismissed for Plaintiffs' failure to allege any facts that link Defendants as the cause of death.  Plaintiffs allege that two of their relatives suffered injury which resulted in death as a result of a fire at the Property.  Defendants did not cause the fire, were not responsible for the fire, were not responsible to maintain the Property, and did not pose a condition on the Property which caused the fire.

Pursuant to Pennsylvania's Wrongful Death Act:

> [a]n action may be brought. . . to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.

42 Pa.C.S.A. § 8301.

Further, "[t]he mere happening of an accident is no evidence of negligence." *Thompson v. Gorman*, 366 Pa. 242, 246, 77 A.2d 413, 146 (Pa. 1951). "Plaintiff has the two-fold burden of proving that the defendant was negligent and that his negligence was the proximate cause of her accident." *Thompson v. Gorman*, 366 Pa. at 246 (citing *Houston v. Republican Athletic Association*, 343 Pa. 218, 220, 22 A.2d 715 (Pa. 1941); *Reddington v. Philadelphia*, 253 Pa. 390, 392, 98 A. 601 (Pa. 1916); *Erbe v. Philadelphia R. T. Co.*, 256 Pa. 567, 570, 100 A. 966 (Pa. 1917); *Martin v. Marateck*, 345 Pa. 103, 106, 27 A.2d 42 (Pa. 1942).

In the instant action, Plaintiffs' Complaint alleges that two of their relatives passed away after the Property caught fire. The date of the fire is alleged to be June 12, 2015, after Defendant DBNTC as Trustee became the owner of the Property. However, because Plaintiffs remained in possession of the Property, Defendants could not gain access to the Property and therefore were unaware of any condition at the Property. Plaintiffs also fail to allege that the fire was caused by some condition at the Property, which Defendants were aware of. Therefore, Plaintiffs fail to plead a critical element of their cause of action for wrongful death which is some negligence on the part of the Defendants. Accordingly, the cause of action seeking damages as a result of the death of Plaintiffs' relatives must be dismissed for failure to state a cause of action.

IV.     **CONCLUSION**

For the foregoing reasons, it is respectfully submitted that this Court should dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice, strike the Complaint against the Defendants, and grant such other and further relief as it deems appropriate.

*/s/ Joe Nguyen*
Joe Nguyen
Jacqueline M. Aiello
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA  19103-7018
Phone: (215) 564-8000
Email:    JNguyen@Stradley.com
               jaiello@stradley.com
*Attorneys for Defendants*
*Ocwen Loan Servicing, LLC and Deutsche Bank*
*National Trust Company, as Trustee for*
*Harborview Mortgage Loan Trust 2007-2*

Dated:  November 29, 2017

## CERTIFICATE OF SERVICE

I, Joe Nguyen, hereby certify that on November 29, 2017, I served true and correct copies of Defendants' Motion to Dismiss, Memorandum of Law and Proposed Order, via first class mail, and certified mail, return receipt requested, upon the following:

> Anil J. Brahmbhatt
> Usha A. Brahmbhatt
> 802 Red Lion Road
> Philadelphia, PA  19115

_____

Joe Nguyen

# 3402232