IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANIL J. BRAHMBHATT, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 17-5139 |
| | : | |
| OCWEN SERVICING INC., et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                           **September 28, 2018**

Defendants Ocwen Servicing Inc. and Deutsche Bank National Trust Company, in its capacity as trustee for Harborview Mortgage Loan Trust 2007-2 (Defendants), move to dismiss all claims asserted against them by pro se Plaintiffs Anil and Usha Brahmbhatt stemming from Defendants' foreclosure of their property. Defendants raise a number of jurisdictional and procedural defenses, including the *Rooker-Feldman* doctrine, the pertinent statutes of limitations, res judicata, and collateral estoppel. To the extent the Court must reach the merits of the Complaint, Defendants also assert that the Complaint fails to state a claim upon which relief may granted. For the reasons set forth below, the Court will grant Defendants' Motion to Dismiss.

**FACTS**[1]

---

[1] The following summary is taken from the Complaint, as well as the Note and Mortgage on the Brahmbhatts' Avon Street property, and the docket of the underlying foreclosure action, each of which is attached to Defendants' Motion to Dismiss. Ordinarily, the Court may not consider "matters extraneous to the pleadings without converting [a motion to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). There are, however, several exceptions to the rule, the most relevant of which permit a court to consider matters in the public record and "indisputably authentic documents integral to or explicitly relied upon in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). As the Third Circuit noted in *Burlington*, "Plaintiffs cannot prevent a court from looking at the text of the documents on which its claim is based by failing to attach or explicitly cite them." 114 F.3d at 1426. Here, the Brahmbhatts' claims—which generally challenge the foreclosure of their property and their treatment by their lender and loan servicer integrally rely upon three documents that are indisputably authentic: (1) the Note on the Avon Street Property; (2) the Mortgage securing the Note; and (3) the docket sheet in the underlying foreclosure action— which is also a public record. Accordingly, the Court will consider each of these documents in adjudicating the instant Motion. *See* Defs.' Mot. Exs. A, B, and E.

The Brahmbhatts previously owned real property located at 604 Avon Street in Philadelphia, Pennsylvania (the Property). Compl. ¶ 3. The Brahmbhatts received a $160,000 note from American Brokers Conduit (the Note) which was secured by a mortgage (the Mortgage) on the Property. Defs.' Mot. to Dismiss Ex. A. The Brahmbhatts executed both the Note and the Mortgage on October 12, 2006. *Id.*; Defs.' Mot. Ex. B. The Brahmbhatts' loan was securitized and assigned to Deutsche Bank National Trust Company (DBNTC), acting in its capacity as trustee for "Harborview Mortgage Loan Trust 2007-2." Ocwen Servicing, Inc. (Ocwen) appears to have serviced the loan. The Brahmbhatts allege some kind of defect in the manner in which DBNTC came to possess title to the Property during the securitization process. Compl. ¶¶ 21-22.

On September 16, 2014, DBNTC instituted a foreclosure action against the Brahmbhatts in the Philadelphia County Court of Common Pleas. Defs.' Mot. Ex. E. The Brahmbhatts answered on October 24, 2014. *Id.* On December 11, 2014, DBNTC moved for judgment on the pleadings. *Id.* The common pleas court granted the motion on January 16, 2015 and entered a judgment in DBNTC's favor and against the Brahmbhatts. The Brahmbhatts unsuccessfully sought reconsideration. *Id.* On February 13, 2015, DBNTC filed affidavits of service for notice of its intent to sell the Property. *Id.* The Brahmbhatts moved to delay the Sheriff's sale on April 27, 2015. *Id.* The common pleas court denied that motion, and the Property was sold on May 5, 2015. *Id.* ¶ 35.

Shortly after the foreclosure sale, on June 12, 2015, a fire consumed the Property. *Id.* ¶ 33. In the course of the fire, Anil Brahmbhatt's sister, Nanya, died. *Id.* Not long thereafter, Mr. Brahmbhatt's mother, Lilaben Brahmbhatt, also died from injuries she sustained in the fire. *Id.*

On March 1, 2017, the Brahmbhatts filed the instant action against DBNTC and Ocwen in the Supreme Court of the State of New York, County of Kings. Defs.' Notice of Removal, Ex. A. Defendants subsequently removed the action to the United States District Court for the Eastern District of New York, where it was then transferred to this Court. The Brahmbhatts' Complaint contains fourteen claims which fall into four groups.

First, the Brahmbhatts assert a number of claims questioning DBNTC's right to foreclose on the Property. This group consists of claims for: "wrongful foreclosure" (Count I), fraud in the inducement (Count III), quiet title (Count VII), slander of title (Count VIII), and "declaratory relief" (Count IX).[2] In each of these counts, the Brahmbhatts challenge DBNTC's claim to title of the Property and standing to foreclose. In addition, Counts V and VI, although styled as claims for breach of contract (Count V) and fiduciary duty (Count VI), similarly impugn the integrity of the foreclosure proceeding. In these claims, the Brahmbhatts appear to assert that DBNTC lacked standing to foreclose because it should have released the security interest in the Property after purportedly transferring the loan to a third party. *See* Compl. ¶¶ 81-82, 87-89. As a result, the Court will treat Counts V and VI as claims attacking the foreclosure.

Second, the Brahmbhatts' bring claims for fraud in the inducement. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 178 ("Under Pennsylvania law, inducing another to enter into a contract by means of fraud or material misrepresentation, when the other party was under no duty to enter into the contract, is a key element of a claim for fraudulent inducement."). These include the

---

[2] Although styled as a claim for "fraudulent inducement," the allegations in Count III attack the validity of the mortgage (as well as representations made by Defendants to the Brahmbhatts). *See*, *e.g.*, Compl. ¶ 64 ("Defendants intentionally misrepresented *to Plaintiff* [that] Defendants were entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust. *In fact, Defendants were not entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in the property*.") (emphasis added). The Court thus construes this claim as an attack on the mortgage—and not one for fraudulent inducement as it is styled.

Brahmbhatts' claims for fraud in the concealment (Count II), and "unconscionable contract" (Count IV). These claims allege that one or both Defendants misled the Brahmbhatts into entering the Mortgage. *See* Compl. ¶¶ 56, 64, 78. Therefore, the Court will construe them as claims for fraudulent inducement.

Third, the Brahmbhatts bring claims for Defendants' purported misconduct in the course of the securitization and servicing of the loan. This group includes those for violation of: the Truth in Lending Act (Count X); the California Homeowners Bill of Rights (Count XII); the Consumer Credit Protection Act (Count XIII); and Regulation X, 12 C.F.R. §1024.41(b) promulgated pursuant to the Real Estate Settlement Procedures Act (RESPA) and (Count XIV). Fourth, the Brahmbhatts seek a remedy for Defendants' alleged responsibility for the death of Lilaben J. Brahmbhatt. (Count XV).[3]

Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 29, 2017. Their motion raised a number of jurisdictional, procedural, and merits defenses. The Brahmbhatts filed their opposition on January 31, 2018. Defendants filed a reply on February 6, 2018. Oral argument was held on April 30, 2018. The Brahmbhatts filed additional briefing on June 29, 2018, to which Defendants responded on July 3, 2018. The Brahmbhatts filed further briefing on July 6, 2018. The Motion, having been fully briefed and argued, is now ripe for decision.

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[3] The final count of the Complaint is listed as "Count 15." However, there is no Count XI.

*Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In evaluating a Rule 12(b)(6) motion, a court first must separate the legal and factual elements of the plaintiff's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Affirmative defenses that are apparent from the face of the complaint may be raised by means of a 12(b)(6) motion. *See Rycocline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). Because Plaintiffs proceed pro se, the Court construes their pleadings liberally and "will apply the applicable law, irrespective of whether [he] has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). The Court will address each of the four groups of the Brahmbhatts' claims separately.

First, the *Rooker-Feldman* Doctrine deprives the Court of subject matter jurisdiction to hear the Brahmbhatts' first group of claims concerning DBNTC's right to foreclosure (Counts I, III, and V through IX).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The *Rooker-Feldman* Doctrine "prevents 'inferior' federal courts from sitting as appellate courts for state court judgments." *In re Knapper,* 407 F.3d 573, 580 (3d Cir. 2005). The doctrine applies when "a plaintiff asks a district court to redress an injury caused by [a] state court judgment itself—not when a plaintiff merely seeks to relitigate a claim or issue already litigated in state court." *Laychock v. Wells Fargo Home Mortg.*, No. 07-4478, 2008 WL

2890962, at *2 (E.D. Pa. July 23, 2008) (quoting *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 153 (3d Cir. 2008)). This doctrine applies even where a plaintiff brings suit in state court and the defendant removes the action. *Lewis v. Citibank, N.A.*, 179 F. Supp. 3d 458, 462 (E.D. Pa. 2016). Moreover, the Third Circuit has routinely held that the *Rooker-Feldman* doctrine prohibits relief that invalidates a state foreclosure decision. *See Conte v. Mortgage Elec. Registration Sys.*, No. 14-6788, 2015 WL 1400997, at *2 (E.D. Pa. Mar. 27, 2015) (collecting cases).

The Third Circuit employs a four factor test to determine whether the *Rooker-Feldman* doctrine bars a plaintiff's claims. For the doctrine to apply, the following requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

The first and third elements of the *Great Western* test are easily met in this case. Plaintiffs were the subject of an adverse foreclosure judgment that was entered prior to the filing of the instant action. *See* Defs.' Mot. Ex. E, at 7-8.

The second *Great Western* element is satisfied. Although pleaded as distinct counts, the Brahmbhatts' claims stem from the same alleged transgression—Defendant DBNTC lacked standing to foreclose on the Property. *See* Compl. ¶¶ 39, 49, 81, 89, 95, 105, 108. As part of the foreclosure action, however, the Court of Common Pleas necessarily determined the Mortgage was valid and enforceable and DBNTC had standing to foreclose. *See Laychock,* 2008 WL 2890962, at *3 ("A mortgage foreclosure also depends upon the existence of a valid mortgage.") (quoting *In re Randall*, 358 B.R. 145, 158 (Bankr. E.D. Pa. 2006)). Therefore, the second *Great*

*Western* element is met because the Brahmbhatts allege an injury (wrongful foreclosure) caused by a state court judgment (validating the mortgage).

The fourth *Great Western* element is also met. The substance of the Brahmbhatts' claims invites the Court to review and negate the state court's foreclosure judgment. *See Lewis*, 179 F. Supp. 3d at 462 (finding that claims for quiet title, wrongful foreclosure, and slander of title were "inextricably intertwined" with a state court foreclosure action). As noted above, each of these claims rests on the Brahmbhatts' attempt to impugn the validity of the Mortgage and establish that Defendants lacked legal authority to foreclose on the Property. As also noted above, the validity of DBNTC's interest—and its legal right to foreclose—were necessary predicates for the entry of the state court judgment. *See Laychock,* 2008 WL 2890962, at *3. Thus, this Court's adjudication of the Brahmbhatts' claims would require the review, and possible overturning, of the state court judgment, which *Rooker-Feldman* expressly prohibits. *Sherk v. Countrywide Home Loans*, *Inc.*, No. 08-5969, 2009 WL 2412750, at *6 (E.D. Pa. Aug. 5, 2009) ("Whether [defendants] had the legal right to foreclose on the mortgage loan has been determined in state court and cannot be reconsidered by a federal court."); *see also Conte*, 2015 WL 01400997, at *4 (applying *Rooker-Feldman* where plaintiff sought to "overturn the foreclosure proceeding by providing plaintiffs clear title to the property").

Because each of the *Rooker-Feldman* elements is met, the Court is without jurisdiction to hear the Brahmbhatts' claims for wrongful foreclosure (Count I), fraudulent inducement (Count III), breach of contract (Count V), breach of fiduciary duty (Count VI), quiet title (Count VII), slander of title (Count VIII), and declaratory relief (Count IX). The Court will dismiss these claims with prejudice as any amendment would be futile. *See, e.g.*, *Ortiz v. Phelan Hallinan Diamond & Jones, LLP*, No. 16-4826, 2017 WL 2021062, at *2-3 (E.D. Pa. May 12, 2017)

(dismissing claims barred by the *Rooker-Feldman* doctrine with prejudice); *Washam v. Proud*, No. 13-0606, 2013 WL 2626997, at *6 (E.D. Pa. June 11, 2013) (dismissing claims barred by the *Rooker-Feldman* doctrine with prejudice).

Second, Res judicata bars the Brahmbhatts' next group of claims for fraud in the inducement (Counts II and IV).

Federal courts must give state court judgments the same preclusive effect that the issuing state court would give them. *Moncrief*, 275 F. App'x at 153. "Pennsylvania law states that 'any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.'" *Lewis*, 179 F. Supp. 3d at 463 (quoting *Moncrief*, 275 F. App'x at 153). A judgment on the pleadings "operates as a final judgment on the merits." *Kerper v. Travlers Home and Marine Ins. Co.*, No. 2488 EDA 2013, 2014 WL 10919326, at *3 (Pa. Super. Ct. June 25, 2014). Res judicata doctrine applies to claims that were actually litigated, as well as those "which could have been litigated in the first proceeding if they were part of the same cause of action." *Sherk*, 2009 WL 2412750 at *6 (quoting *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995)).

Pennsylvania courts construe mortgage foreclosure actions narrowly. *N.Y. Guardian Mortg. Corp. v. Dietzel*, 524 A.2d 951, 953 (Pa. Super. Ct. 1987) ("An action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property."). The Pennsylvania Rules of Civil Procedure limit a defendant in a mortgage foreclosure action to a "counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which plaintiff's cause of action arose." Pa. R. Civ. P. 1148. Despite this limitation, a defendant in a foreclosure action may bring a counterclaim for fraud in the inducement of a

mortgage. *Green Tree Consumer Discount Co. v. Newtown*, 909 A.2d 811, 814 (Pa. Super. Ct. 2006) ("Fraud in the inducement of the mortgage is clearly a permissible counterclaim under Rule 1148.").

Each res judicata element is satisfied as to the Brahmbhatts' fraudulent inducement claims. Although the Brahmbhatts were limited in the counterclaims they could bring in the foreclosure action, they were nevertheless able to raise their fraud claims. Pa. R. Civ. P. 1148; *see also Green Tree*, 909 A.2d at 814. Moreover, the Brahmbhatts and DBNTC were parties to that earlier action. *See* Defs.' Mot. Ex. E. Finally, the foreclosure action was resolved by a judgment on the pleadings entered in DBNTC's favor, which is considered by Pennsylvania courts to be a final judgment on the merits. *See Kerper*, 2014 WL 10919326, at *3. Because each of the aspects of res judicata is present here, and the Court is bound to give the state judgment preclusive effect, the Court must dismiss Plaintiffs' fraudulent inducement claims (Counts II and IV) with prejudice. *See Moncrief*, 275 F. App'x at 153; *see also Keyser v. Stern & Eisenberg*, 238 F. Supp. 3d 721, 722 (E.D. Pa. 2017) (dismissing plaintiffs' mortgage fraud claims with prejudice after applying res judicata) (citing *Easley v. New Century Mortg. Corp.*, 394 F. App'x 946, 949 (3d Cir. 2010)).

As to the third group of claims, the Brahmbhatts allege misconduct in connection with the securitization and servicing of the Note and Mortgage. This consists of the Brahmbhatts' claims alleging violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1640 (Count X); the California Homeowners Bill of Rights (Count XII); the Consumer Credit Protection Act (CCPA), 15 U.S.C. § 1641(g) (Count XIII); and the Regulation X, 12 C.F.R. § 1024.41(b)(2) (Count XIV). Each of these claims will be dismissed, and the Court addresses each in turn.

In Counts X and XIII, the Brahmbhatts allege a TILA violation based on Defendants' purported failure to disclose the assignment of the Note and Mortgage.[4] These claims are barred by the pertinent statute of limitations and Plaintiffs have failed to plead sufficient grounds for equitable tolling.

The applicable statute of limitations for a TILA claim is one year "from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Nevertheless, equitable tolling applies to TILA claims. *Geary v. Wells Fargo Bank, N.A.*, No. 17-2468, 2017 WL 3226001, at *3 (E.D. Pa. July 31, 2017) (citing *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998)). The equitable tolling doctrine tolls a statute of limitations in any of three scenarios: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Wise v. Mortg. Lenders Network USA, Inc.*, 420 F. Supp. 2d 389, 393-94 (E.D. Pa. 2006). A plaintiff "must show that he or she exercised reasonable diligence in investigating and bringing the claims." *Miller v. N.J. State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998).

The Court finds that the statute of limitations of the Brahmbhatts' TILA claims expired on September 30, 2015 and that they have pled no facts to support equitable tolling. The Brahmbhatts allege that Defendants' non-disclosure "was not reasonably ascertainable until discovered by Plaintiff upon review of the January 25, 2017 loan audit" and "the non-disclosure

---

[4] The Court analyzes these claims together because they are identical. Count X alleges a TILA violation predicated on Defendants' failure to disclose the assignment of the Note and Mortgage. Compl. ¶¶ 111-12. The three paragraphs composing Count XIII—styled as a claim pursuant to the Consumer Credit Protection Act—contain a statement incorporating the preceding averments, a block quote of the pertinent disclosure requirement (15 U.S.C. § 1641(g)), and a statement that Defendants "violated the CCPA by failing to disclose the purported assignments/transfer of the Promissory Note and DOT." Compl. ¶¶ 122-24.

of purported assignments shows a pattern and practice of defendants to skirt the TILA requirements." Compl. ¶¶ 113-14. The procedural history of the mortgage foreclosure action belies these legal conclusions—which the Court need not accept. *Fowler*, 578 F.3d at 210.

The Brahmbhatts TILA claims seek damages predicated on the "time and expenses associated with negotiating with the wrong party or parties associated with the loan." Compl. ¶ 114. This injury could not have been sustained any later than September 30, 2014. On that date, the affidavits of service of the foreclosure complaint were filed with the Philadelphia Court of Common Pleas.[5] *See* Defs.' Mot. Ex. E, at 5-6. The Pennsylvania Rules of Civil Procedure require such a complaint to identify "the parties to and date of the mortgage, and any assignments, and a statement of the place of record of the mortgage and assignments." Pa. R. Civ. P. 1147(a)(1). Therefore, the statute of limitations began to run—at the latest—on September 30, 2014 because the Brahmbhatts received notice that their loan had been assigned to DBNTC.[6] In turn, the statute of limitations on the Brahmbhatts' TILA claims expired one year later—on September 30, 2015—pursuant to 15 U.S.C. § 1640(e).

The Brahmbhatts waited, however, until October 14, 2016—more than two years after receiving the foreclosure complaint and more than a year after the statute of limitations ran—to

---

[5] The Court infers that service was successful because the docket sheet indicates Plaintiffs filed an Answer on October 24, 2014. Defs.' Mot. Dismiss Ex. E, at 6.

[6] The Court's decision is informed by the Third Circuit's unpublished opinion in *Moncrief*, 275 F. App'x at 153. In *Moncrief*, the plaintiff challenged the defendant's foreclosure on her property. *Id.* Defendants raised the defense of res judicata. *Id.* Plaintiff responded that the doctrine could not apply because the defendant's fraud prevented her from learning of their alleged misconduct. *Id.* The Third Circuit sided with the defendant, finding that the underlying foreclosure action put the plaintiff on notice "that something was amiss with her mortgage." *Id.* The same principle applies here. Service of the foreclosure complaint on September 30, 2014 alerted the Brahmbhatts that the Mortgage had been assigned to DBNTC. Yet, the Brahmbhatts did not file the instant claims until March 1, 2017—two and half years later.

retain a consultant to prepare the Mortgage Securitization Audit, and several *more* months to file their claims in New York state court.  Pls.' Supp. Br. Opp'n Defs.' Mot., Docket No. 13, at 3.B; *see also* Compl. ¶ 24 (noting that the Brahmbhatts received a "Forensic Chain Title Securitization Analysis" on November 2, 2016).  Because the Brahmbhatts offer no explanation for these delays, the Court finds no basis to equitably toll the statute of limitations, and thus the claims are barred as untimely. Nevertheless, the Court will dismiss these claims without prejudice to give the Brahmbhatts the opportunity to plead additional facts that would support the application of equitable tolling.

Next, Count XII alleges a violation of the California Homeowner Bill of Rights (CHBOR). In support, the Brahmbhatts assert a litany of purported abuses, such as failing to contact them prior to initiating foreclosure proceedings or failing to "provide post-Notice of Default outreach with regard to the loan modification process." Compl. ¶ 120(a-e). Defendants argue that this count should be dismissed because CHBOR is a state statute that is limited to financial disputes between California property owners and their loan servicers.

The Court will dismiss the claim with prejudice. As noted above, the Brahmbhatts must plead enough factual content sufficient to establish the facial plausibility of their claims. *Fowler*, 578 F.3d at 210. Here, the Brahmbhatts have alleged Defendants violated a California state statute. However, this lawsuit concerns a Pennsylvania property, governed by Pennsylvania's real property law. There is also no allegation that the loan documents were created, negotiated, or signed in California. In short, the Brahmbhatts have averred no facts that might be interpreted to support a basis for invoking the CHBOR. As a result, the Court finds that they have not—and cannot—state a claim. This claim will be dismissed with prejudice.

In Count XIV, the Brahmbhatts seek damages pursuant to Section 6(f) of RESPA, 12 U.S.C. § 2605(f), for violation of various portions of 12 C.F.R. § 1024.41(b). The Brahmbhatts allege that Defendants failed to: (1) properly review the Brahmbhatts' loan modification application to determine its completeness; (2) "act affirmatively to complete Plaintiff's loan modification application and did not exercise reasonable diligence to obtain any documents/information to complete the application"; and (3) provide the requisite notice of incompleteness and set a reasonable date by which the Brahmbhatts could supply the requested documents. Compl. ¶¶ 127, 130, 135.

Defendants argue that this claim is untimely because a one-year statute of limitations applies. Defs.' Mot. at 12. However, Defendants are incorrect. Claims pursuant to 12 U.S.C. § 2605—like the Brahmbhatts'—are subject to a *three* year statute of limitations. 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 US.C. § 2605(f))"); 12 U.S.C. § 2614 ("Any action pursuant to provisions of section 2605, 2607, or 2608 of this title may be brought…*within 3 years in the case of a violation of section 2605*.") (emphasis added). Thus, to the extent that the Brahmbhatts' claim accrued *later than* March 1, 2014—three years prior to the filing of the suit (and six months prior to the initiation of foreclosure proceedings)—the claim would not run afoul of the statute of limitations.

Nonetheless, the Court must dismiss Brahmbhatts' cause of action. The Brahmbhatts' general statements that Defendants failed to take certain actions that were otherwise required by 12 C.F.R. § 1024.41 do not suffice to state a plausible claim. *See Iqbal*, 556 U.S. at 679 (noting that "threadbare recitals of the elements of a cause action, supported by mere conclusory statements" will not save a Complaint from dismissal pursuant to Rule 12(b)(6)); *Twombly*, 550 U.S. at 555 ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires

13

more than labels and conclusions…a formulaic recitation of the elements of a cause of action will not do."). However, dismissal will be without prejudice to give the Brahmbhatts an opportunity to plead additional information concerning their efforts to modify the repayment of the loan on or after March 1, 2014.

Finally, in the Brahmbhatt's last group of claims, Count XV contains a standalone claim for the wrongful death of Lilaben Brahmabhatt. In support, the Brahmbhatts allege: "Shortly after the foreclosure sale but prior to recording the foreclosure deed, on June 12, 2015 the property on 604 Avon Street, Philadelphia, Pa., 19116 caught fire." Compl. ¶ 33. As a result of the fire, Lilaben—Plaintiff Anil Brahmbhatt's mother—perished on July 22, 2015. *Id*. ¶ 138. She is alleged to have suffered second and third degree burns. *Id*. ¶¶ 33, 138. The Brahmbhatts seek damages for their "emotional distress, pain and suffering" in the amount of $1,000,000. *Id*. ¶¶ 138-39. Defendants move to dismiss on two grounds: (1) the Brahmbhatts remained in possession after the foreclosure sale so Defendants could not gain access and learn of any dangerous condition; and (2) the Brahmbhatts' Complaint fails to allege Defendants acted negligently.

A wrongful death action in Pennsylvania permits a plaintiff "to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." 42 Pa. Con. Stat. § 8301(a); *see also Quinby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1077 (Pa. 2006). To state a claim for wrongful death, a plaintiff must establish a substantive claim of negligence or another type of conduct enumerated in the statute. *Johnson v. City of Phila.*, 105 F. Supp. 3d 474, 483 (E.D. Pa. 2015) ("[W]rongful death and survival actions are not substantive causes of actions; rather they provide a vehicle through which plaintiffs can recover for unlawful conduct that results in death."); *see also Sunderland v. R.A. Barlow*

*Homebuilders*, 791 A.2d 384, 391 (Pa. Super. Ct. 2002) ("[A]lthough death is the necessary final event in a wrongful death claim, the cause of action is derivative of the underlying tortious act that caused the fatal injury.").

Here, the Brahmbhatts have failed to meet their burden. The Complaint recites the facts of the fire, Lilaben's injuries, and her death. Compl. ¶¶ 33, 138. It does not, however, contain factual allegations that would support a finding that Defendants were negligent or engaged in otherwise wrongful conduct. *See Johnson*, 105 F. Supp. 3d at 483; *Sunderland*, 791 A.2d at 391. Therefore, Count XV will be dismissed without prejudice to give Plaintiffs an opportunity to plead facts sufficient to raise a plausible claim.

**CONCLUSION**

For the reasons stated above, the Brahmbhatts' claims for wrongful foreclosure (Count I), fraud in the concealment (Count II), fraud in the inducement (Count III), unconscionable contract (Count IV), breach of contract (Count V), breach of fiduciary duty (Count VI), quiet title (Count VII), slander of title (Count VIII), declaratory relief (Count IX), and violation of the California Homeowner Bill of Rights (Count XII) will be dismissed with prejudice. The Brahmbhatts' claims alleging violations of TILA (Count X and XIII), Regulation X, 12 C.F.R. § 1024.41 (Count XIV), and wrongful death (Count XV), will be dismissed without prejudice. The Brahmbhatts will be permitted to file an amended complaint to attempt to cure the defects identified above.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.